UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAKE'S FALAFEL AND MORE, INC.,    )
                                  )
            Plaintiff             )
                                  )
v.                                )        Civil Action No.: _____
                                  )
TRAVELERS CASUALTY INSURANCE      )
COMPANY OF AMERICA,               )
                                  )
            Defendant             )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Casualty Insurance

Company of America ("Travelers") hereby files this Notice of Removal to effectuate the removal

of *Jake's Falafel and More, Inc. v. Travelers Casualty Insurance Company of America*, Civil

Action No. 2612CV000049, on the docket of Newton District Court in Middlesex County (the

"State Court Action"), to the United States District Court for the District of Massachusetts. As

grounds for this Notice of Removal, Travelers asserts that it has complied with all removal

procedures, there is a complete diversity of citizenship, and the amount in controversy exceeds

the jurisdictional threshold of $75,000. In further support, Travelers respectfully states as

follows:

1. Plaintiff Jake's Falafel and More, Inc. ("Jake's Falafel" or "Plaintiff") commenced the

State Court Action by filing a civil Complaint on March 10, 2026. The Complaint was served on

Travelers on April 8, 2026 by way of mail from the Massachusetts Commissioner of Insurance.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the

State Court Action are attached hereto as Exhibit A.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Travelers being served with the Complaint.

4. In the Complaint, Plaintiff purports to assert causes of action against Travelers for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and a violation of M.G.L. ch. 93A § 11 and M.G.L. ch. 176D (Count III). These causes of action arise out of an insurance claim Plaintiff submitted to Travelers for property damage and business income loss caused by carbon monoxide infiltration at Plaintiff's property in Newton, Massachusetts.

5. Travelers removes this lawsuit to federal court pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. Removal to federal court is appropriate because the parties are citizens of different states and the amount in controversy is in excess of $75,000.00.

6. Upon information and belief, Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 740A Beacon Street, Newton, Massachusetts. (Complaint, ¶ 1).

7. Travelers is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at One Tower Square, Hartford, Connecticut. Thus, the parties are completely diverse, and this lawsuit satisfies the diversity requirement of 28 U.S.C. § 1332(a)(1).

8. The Complaint alleges that Travelers wrongfully denied coverage of certain insurance proceeds following a property loss. Count I alleges breach of contract while Count II alleges a breach of the implied covenant of good faith and fair dealing. The Plaintiff's Statement of Damages indicates that it is seeking to recover $44,809.10 in breach of contract damages. In

2

Count III, Plaintiff seeks "to recover multiple damages of up to three times its actual damages" under M.G.L. ch. 93A. (Complaint, ¶ 66).

9. In determining whether a plaintiff seeks damages exceeding the jurisdictional threshold, "a court must consider damage multipliers and attorneys' fees that are statutorily authorized." *Vilaythong v. Sterling Software, Inc.*, 353 F.Supp.3d 87, 92 (D. Mass. 2018) citing *Lucas v. Ultima Framingham LLC*, 973 F.Supp.2d 98, 101 (D. Mass. 2013). Where, as here, the Complaint alleges a violation of Chapter 93A, "[t]he amount in controversy includes statutory multipliers of damages, such as the treble damages provision in Mass. Gen. Laws ch. 93A." *Law Offices of Joseph J. Cariglia, P.C. v. Jelly*, 146 F.Supp.3d 251, 254 (D. Mass. 2015). See *Santos v. Preferred Mut. Ins. Co.*, 21 F.Supp.3d 111, 116 n. 2 (D. Mass. 2014) ("Though the amount of loss may be under $75,000, the court maintains diversity jurisdiction over the case. First, Plaintiffs have asserted a colorable claim for treble damages under Mass. Gen. laws ch. 93A, a potential award that *can* be included in calculating the amount in controversy.") (emphasis in original); *F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F.Supp. 30, 32 n. 1 (D. Mass. 1995) (the potential recovery of treble damages under Chapter 93A would suffice to bring this case within federal jurisdiction because treble damages "are a form of punitive damages," and "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.'" (quoting *Bell v. Preferred Life Society*, 320 U.S. 238, 240 64 S. Ct. 5, 6 88 L. Ed. 15 (1943)). Since Plaintiff is seeking statutorily authorized multiple damages ($89,618.20 or $134,427.30), Plaintiff claims

3

damages in excess of $75,000.[1]  Thus, this lawsuit satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

10. Given the complete diversity of citizenship and that the amount in controversy exceeds the $75,000 statutory requirement, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1441(b).

11. Pursuant to 28 U.S.C. § 1446(d), Travelers shall, after filing this Notice of Removal, promptly provide written notice to all adverse parties and file a copy of the notice with the clerk in the State Court Action.

WHEREFORE, Travelers hereby provides notice that the above-captioned action is removed from Newton District Court in Middlesex County to the United States District Court for the District of Massachusetts.

> TRAVELERS CASUALTY INSURANCE
> COMPANY OF AMERICA,
> By its attorney,

Dated: __5/7/2026__

> /s/ Christopher M. Mountain
> Christopher M. Mountain
> SUSLAK & MOUNTAIN
> 7 Essex Green Drive, Suite 3
> Peabody, MA  01960
> Email: cmm@suslakmountain.com
> (978) 538-0000
> BBO# 567595

---

[1] The determinative factor in calculating the amount-in-controversy is the amount that Plaintiff is seeking to recover from Travelers regardless of the merits of the claims or the likelihood of recovery.  See *Huston v. FLS Language Ctrs.*, 18 F.Supp.3d 17, 24 (D. Mass 2014) (a federal court "cannot take into consideration whether plaintiff would succeed on his claims."); *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."). Travelers' removal is nothing more than a recognition that the amount "in controversy" between Plaintiff and Travelers exceeds $75,000.  The merits of Plaintiff's claims are disputed, and Travelers expressly denies that Plaintiff is entitled to recover any actual or multiple damages.

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 7, 2026, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, including to counsel for the plaintiff at the following address:

Lee E. Rajsich, Esq.
COHAN PLAUT RAJSICH LLP
50 Milk Street, 16th Floor
Boston, MA  02109

/s/ Christopher M. Mountain
Christopher M. Mountain

**EXHIBIT A**

DM 04082026

| STATEMENT OF DAMAGES G.L. c. 218, § 19A(a) | DOCKET NO 2612CV000049 | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s) Jake's Falafel & More, Inc. | DEFENDANT(s) Travelers Casualty Insurance Co. of America | DATE FILED 03/10/2026 |
|---|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION Newton District Court |
|---|---|

## TORT CLAIMS

| | | AMOUNT |
|---|---|---|
| A. | Documented medical expenses to date: | |
| | 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 5. Total other expenses (describe) _____ | $ _____ |
| | SUBTOTAL: | $ _____ |
| B. | Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . | $ _____ |
| C. | Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D. | Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . | $ _____ |
| E. | Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F. | Other documented items of damage (describe): _____ | $ _____ |
| G. | Brief description of Plaintiff's injury, including nature and extent of injury: _____ _____ _____ | |

For this form, disregard double or treble damage claims; indicate single damages only.  **TOTAL:** $ _____

## CONTRACT CLAIMS

| | AMOUNT |
|---|---|

☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

| Provide a detailed description of the claim(s): Insurance claim for: _____ | $ _____ |
|---|---|
| Lost inventory-related costs | $ 13,938.10 |
| Lost net income from business interruption | $ 30,871.00 |

For this form, disregard double or treble damage claims; indicate single damages only.  **TOTAL:** $44,809.10

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS. |
|---|---|
| SIGNATURE /s/ Lee E. Rajsich                    DATE 3/10/2026 | |
| PRINT OR TYPE NAME Lee E. Rajsich, Cohan Plaut Rajsich LLP    676714    B.B.O. # | |
| ADDRESS 50 Milk Street, 16th Floor, Boston, MA 02109, lrajsich@crmllp.com | |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _____     Date: 3/10/2026

12.18



# Notice of Service of Process

**SLM / ALL**
**Transmittal Number: 33738357**
**Date Processed: 04/08/2026**

| Primary Contact: | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>1 Tower Sq<br>Rm 8MS<br>Hartford, CT 06183-0001 |
|---|---|

| | |
|---|---|
| Entity: | Travelers Casualty Insurance Company of America<br>Entity ID Number  2317367 |
| Entity Served: | Travelers Casualty Insurance Company Of America |
| Title of Action: | Jake's Falafel & More, Inc. vs. Travelers Casualty Insurance Company Of America |
| Matter Name/ID: | Jake's Falafel & More, Inc. vs. Travelers Casualty Insurance Company Of America (19040133) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Newton District Court, MA |
| Case/Reference No: | 2612CV000049 |
| Jurisdiction Served: | Connecticut |
| Date Served on CSC: | 04/08/2026 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Travelers Casualty Insurance Company Of America on 04/08/2026 |
| How Served: | Client Direct |
| Sender Information: | Cohan Plaut Rajsich LLP<br>617-947-7442 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

| | |
|---|---|
| From (name): | Delgado, Wilma |
| From (email): | WDELGAD1@travelers.com |
| Received: | 04/08/26, 02:07 PM |
| To: | TravelersSOP |
| Subject: | FW: Travelers Direct - 4/8/26 -Jakes Falafel |

**From:** Brooks, Sharon <STBROOKS@travelers.com> **On Behalf Of** CORPMAIL

**Sent:** Wednesday, April 8, 2026 1:13 PM

**To:** Delgado, Wilma <WDELGAD1@travelers.com>

**Subject:** Travelers Direct - 4/8/26 -Jakes Falafel

Suit

**Sharon Brooks | Director, Litigation Support | Corporate Litigation**

Travelers

One Tower Square | 8MS

Hartford, CT 06183

W: 860.954.0249   F: 800.856.0970

**From:** TRVDOCMT@travelers.com <TRVDOCMT@travelers.com>

**Sent:** Wednesday, April 8, 2026 10:41 AM

**To:** CORPMAIL <CORPMAIL@travelers.com>

**Cc:** TRAVELERS DOCUMENT MANAGEMENT <TRVDOCMT@travelers.com>

**Subject:** Digital Mail Received: CORPORATE LITIGATION_143347_TRAVELERS_92380_009.pdf

Please see the attached digital scan of the paper mail that was recently received.

Attached: CORPORATE LITIGATION_143347_TRAVELERS_92380_009.pdf

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.



DM 04082026

**COMMONWEALTH OF MASSACHUSETTS**
**Office of Consumer Affairs and Business Regulation**
**DIVISION OF INSURANCE**
One Federal Street, Suite 700 • Boston, MA 02110
(617) 521-7794 • Toll-free (877) 563-4467
www.mass.gov/doi

**MAURA T. HEALEY**
GOVERNOR

**KIMBERLEY DRISCOLL**
LIEUTENANT GOVERNOR

**ERIC PALEY**
SECRETARY OF ECONOMIC
DEVELOPMENT

**MICHAEL T. CALJOUW**
COMMISSIONER

April 2, 2026

**Travelers Casualty Insurance Company of America**
One Tower Square
Hartford, CT 06183

**Re: Service of Process**

Dear Sir or Madam:

Enclosed you will find legal process which was served upon the Commissioner of Insurance, in his capacity as attorney and registered agent for, Service of Process* for a foreign insurance company, as provided for in Massachusetts General Laws, Chapter 175, §151(3) and §154.

\* **Please note: All future inquiry or correspondence should be directed to the attention of the attorney of record of the enclosed documents.**

Sincerely,

/S/ Emily Moy
Legal Division

Enclosure(s)

DM 04082026



COMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
ONE FEDERAL STREET, SUITE 700
BOSTON, MA 02110

FIRST-CLASS



US POSTAGE IMI PITNEY BOWES

ZIP 02110  $ 001.03⁰
02 7W
0008036096 APR 02 2026

**Travelers Casualty Insurance Company of America**
One Tower Square
Hartford, CT 06183

Commonwealth of Massachusetts
Newton District Court
1309 Washington Street
West Newton, MA 02465
(617) 244-3600

Jake's Falafel & More, Inc
_____
PLAINTIFF(S),

CIVIL No. 2612CV000049

v. Travelers Casualty
Ins. Co. of America
_____
DEFENDANT(S)

SUMMONS

THIS SUMMONS IS DIRECTED TO    Travelers Casualty Ins.
Co. of AMerica
_____
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Newton Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Newton District Court, 1309 Washington Street, Newton, MA 02465" and to the individual below:

Lee Rajsich    , at 50 Milk St. 16th Fl., Boston, MA 02109
(name of Plaintiff or Plaintiff's attorney)    LRajsich@crmllp.com    (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Mary E. Heffernan, First Justice on _____, 20____.

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

**RETURN OF SERVICE**
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)*

(signature)

(name and title)

☐ In hand

(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court.*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, § 31).

Rev. 9/2015

DM 04982026

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

DISTRICT COURT DEPARTMENT
NEWTON DIVISION
CIVIL ACTION NO.: 2612CV000049

JAKE'S FALAFEL & MORE, INC.,

    Plaintiff,

v.

TRAVELERS CASUALTY
INSURANCE COMPANY OF
AMERICA,

    Defendant.

## COMPLAINT

Plaintiff Jake's Falafel & More, Inc. ("Jake's" or "Plaintiff"), brings this action against its insurer, Defendant Travelers Casualty Insurance Company of America ("Travelers" or "Defendant"), for the wrongful denial of insurance benefits arising from a carbon monoxide incident that occurred at Jake's restaurant in Newton.

## PARTIES

1.    Plaintiff Jake's Falafel & More, Inc. is a Massachusetts corporation with a principal place of business at 740A Beacon Street, Newton, Massachusetts 02459.

2.    Defendant Travelers Casualty Insurance Company of America is an insurance company authorized to do business in Massachusetts, with a principal place of business at One Tower Square, Hartford, Connecticut 06183.

## JURISDICTION AND VENUE

3.      The amount in controversy, exclusive of interest, costs, and multiple damages under G.L. c. 93A, is within the jurisdictional limits of this Court.

4.      Venue is proper in this Court because the insured premises are located within this judicial district and a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

### The Policy

6.      At all relevant times, Travelers issued a Businessowners policy, Policy No. 680-4P270314-21-42 (the "Policy"), to Jake's Falafel & More, Inc. as the Named Insured.

7.      The Policy period was active during the loss alleged herein, and covered Jake's restaurant operations at 740A Beacon Street, Newton, Massachusetts (the "Premises").

8.      The Businessowners Coverage Part Declarations provide Businessowners Property Coverage, including Business Personal Property at the Premises with a Limit of Insurance sufficient to cover the loss alleged herein, on a replacement-cost basis, subject to a $1,000 deductible per occurrence.

9.      The Declarations also provide Business Income and Extra Expense coverage on an "Actual loss for 12 consecutive months" basis, with the "Period of Restoration – Time Period: Immediately."

10.     The Policy's Businessowners Property Coverage Special Form (MP T1 02 02 05), as enhanced by the Restaurant and Perishable Goods Premier Endorsement (MP T3 66 08 15), insures against "direct physical loss of or damage to Covered Property at the described premises

2

caused by or resulting from any Covered Cause of Loss," subject to certain exclusions and conditions not applicable here.

11.     "Covered Property" under the Policy includes, among other things, Jake's business personal property such as food and beverage inventory and other personal property owned by the insured used in its restaurant operations.

12.     The Restaurant and Perishable Goods Premier Endorsement also adds or expands coverages for perishable goods, business income and extra expense, and food-related losses, reflecting the parties' intent to insure food inventory and restaurant operations against physical loss or damage.

## The Loss

13.     Jake's operated a restaurant business at the Premises, located on the first floor of a multi-story building in Newton, Massachusetts.

14.     In or around December 2024, shortly before the Christmas holiday, the water heater servicing the Business and Premises broke.

15.     Jake's hired a plumber to inspect the water heater; the plumber determined that he could not replace the water heater at that time because carbon monoxide ("CO") was being emitted from the unit into the restaurant.

16.     A CO test was conducted, which showed that CO gas was entering the restaurant interior, and the plumber shut off the heat to stop the intrusion of CO into the restaurant and building.

17.     Using a camera to inspect the chimney into which the water heater was vented, the plumber discovered that the chimney had been blocked by a building material, such as

3

Styrofoam, preventing or impeding the proper ventilation of CO through the chimney to the exterior.

18.    As a result of the CO condition and unsafe indoor environment, Jake's immediately shut down its restaurant operations at the Premises.

19.    Due to the CO condition and resulting contamination and/or unsafe condition of the food and beverage products, Jake's inventory of food, beverages, and related dining items was rendered unusable, unsafe, or otherwise worthless and had to be discarded.

20.    Jake's prepared an itemized list of the discarded inventory, with a cost totaling $12,671.00, and also incurred financing costs of $1,267.10 associated with that inventory, for a total inventory-related loss of $13,938.10.

21.    From the date of discovery of the CO contamination in December 2024 until the sale of the business in or around the end of February 2025, Jake's restaurant remained closed and suffered a loss of net business income.

22.    Based on historical financial data, Jake's calculated the loss of net income attributable to the interruption of operations caused by the CO release and resulting shutdown to be approximately $30,871, and provided Travelers with supporting documentation.

23.    Jake's ultimately sold the restaurant business in or around the end of February 2025 and or beginning of March, 2025, and the ventilation issue was reportedly resolved approximately one week after the sale.

<u>The Claim and Travelers' Denial</u>

24.    Jake's promptly reported the loss to Travelers, which acknowledged the claim and assigned Claim No. F0Q1248.

4

25.    On or about January 10, 2025, Travelers inspected the Premises with Jake's and its public adjuster.

26.    On or about January 22, 2025, Travelers retained ISE Engineering, Inc. to conduct an additional inspection; Travelers claims that ISE found a capped chimney while equipment such as the hot water heater and/or boiler remained operational, causing CO to spill into the Premises.

27.    On or about January 27, 2025, more than a month after the initial CO incident and after the heat had been shut off, ISE performed CO testing at the Premises and did not detect CO at that time.

28.    The January 27, 2025 ISE CO test was nonconclusive, useless, and/or futile because the leaking heater had already been shut off, and did not reflect the presence of CO that had contaminated the Premises prior to the shut off of the heater.

29.    By letter dated March 3, 2025, Travelers denied Jake's claim, stating that "There was no direct physical loss of or damage to property at the described premises from a covered cause of loss," and that "because there was no direct physical loss of or damage to property at the described premises from this situation, your policy does not provide coverage for this loss."

30.    Travelers further asserted that CO gas is transitory, causes no permanent structural alteration, left no residue requiring remediation, and therefore did not constitute "direct physical loss of or damage to" property under the Policy.

31.    Travelers also claimed that no "covered cause of loss" applied and, in correspondence responding to Jake's later Chapter 93A demand, contended that the Policy operates on a "named perils" basis and that Jake's had not shown the loss resulted from a covered named peril.

5

32. Travelers relied on the Policy's pollution exclusion and asserted that carbon monoxide is a "pollutant" whose presence in the indoor air renders property uninhabitable or unusable, thereby purportedly barring coverage.

33. Travelers declined to pay any amount for Jake's inventory loss, business income loss, or other covered loss or expense under the Policy.

### Jake's 93A/176D Demand and Travelers' Response

33. On February 10, 2026, counsel for Jake's sent Travelers a written demand for relief pursuant to G.L. c. 93A arising from unfair claim settlement practices prohibited by G.L. c. 93A and c. 176D (the "93A Demand Letter").

34. The 93A Demand Letter summarized the facts of the loss, described Jake's inventory and business income losses, and enclosed supporting documentation.

35. The 93A Demand Letter cited Massachusetts law governing interpretation of insurance contracts, including Cody v. Connecticut General Life Ins. Co., Western Alliance Ins. Co. v. Gill, Atlantic Mutual Ins. Co. v. McFadden, and other Massachusetts authorities on ambiguity and the insured's reasonable expectations.

36. The 93A Demand Letter cited and enclosed the Massachusetts Superior Court decision in Matzner v. Seaco Ins. Co., 1998 Mass. Super. LEXIS 407 (Aug. 26, 1998), which addressed CO infiltration caused by a blocked chimney in a multi-unit building, under similar policy language.

37. In Matzner, the court held that CO contamination of a building constituted "direct physical loss of or damage to" property within the meaning of the policy and rejected the insurer's reliance on the pollution exclusion in that context.

6

38.    The 93A Demand Letter explained that, under Matzner and related Massachusetts law, CO contamination and the resulting uninhabitability or unsuitability of the interior and of inventory constitute direct physical loss or damage, and that a reasonable insured would expect coverage, not a disclaimer, for such a loss.

39.    The 93A Demand Letter demanded payment of $44,809.10 (reflecting inventory loss, financing costs, and business income loss), plus interest, costs, and attorney's fees, and put Travelers on notice of potential multiple damages for wilful or knowing violations of G.L. c. 93A and c. 176D.

40.    On March 6, 2026, Travelers responded to the 93A Demand Letter by categorical denial, maintaining that there was no "direct physical loss" to covered property, that no covered cause of loss applied, that the pollution exclusion barred coverage, and that its investigation and denial were reasonable and in good faith.

41.    In its 93A response, Travelers did not meaningfully distinguish Matzner, did not identify any Massachusetts authority rejecting Matzner's reasoning in similar CO-contamination contexts, and did not alter or reconsider its denial despite having been presented with directly on-point authority.

42.    Travelers continues to refuse to pay Jake's claim.

## COUNT I – BREACH OF CONTRACT

43.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

44.    The Policy is a valid and enforceable contract between Jake's and Travelers, under which Jake's paid premiums and Travelers agreed to insure Jake's against direct physical loss of or damage to Covered Property at the Premises caused by Covered Causes of Loss, including Business Personal Property and Business Income/Extra Expense coverage.

7

45.     The blocked-chimney event and CO infiltration into the restaurant interior constituted a fortuitous physical event that caused direct physical loss of or damage to Covered Property, including but not limited to physical contamination and loss of food and beverage inventory, and loss of use of the Premises and business personal property for their intended restaurant purpose.

46.     Under the Policy language, interpreted consistent with Massachusetts law and decisions such as Matzner, the CO condition and resulting contamination and shutdown constitute "direct physical loss of or damage to" Covered Property, and no applicable exclusion clearly and unambiguously bars coverage in this context.

47.     The Policy, including its Restaurant and Perishable Goods Premier Endorsement, was reasonably understood by Jake's to provide coverage for loss of perishable food inventory and business income resulting from conditions that render the food unsafe or unusable and the premises temporarily unusable.

48.     Jake's complied with all material conditions under the Policy, including prompt notice of the loss, cooperation with Travelers' investigation, and submission of information and documentation supporting its claim.

49.     Travelers breached the Policy by wrongfully denying coverage for Jake's inventory loss, business income loss, and related covered losses and expenses, and by failing and refusing to indemnify Jake's as required.

50.     As a direct and proximate result of Travelers' breach, Jake's has sustained damages, including but not limited to $13,938.10 in inventory and financing losses and approximately $30,871 in lost net income, plus additional consequential damages, costs, and interest.

8

WHEREFORE, Plaintiff Jake's Falafel & More, Inc. requests judgment in its favor on Count I, awarding contract damages in an amount to be determined at trial, together with prejudgment interest, costs, and such other relief as the Court deems just and proper.

### COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

51.     Plaintiff repeats and realleges the allegations above as if fully set forth herein.

52.     Every contract in Massachusetts, including insurance contracts, contains an implied covenant of good faith and fair dealing, which obligates the parties not to do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

53.     Travelers owed Jake's a duty to handle its claim fairly and in good faith, to give at least equal consideration to the insured's interests as to its own, and to interpret and apply the Policy in a manner consistent with the insured's reasonable expectations and Massachusetts law.

54.     Travelers breached the implied covenant by, among other things: (a) adopting an unduly narrow and self-serving interpretation of "direct physical loss of or damage to" that conflicts with Massachusetts precedent applicable to CO contamination; (b) treating the BOP as if it were purely a "named perils" policy despite open-perils and expanded restaurant coverage forms; and (c) asserting broad application of the pollution exclusion to an indoor CO event from ordinary building equipment in circumstances where Massachusetts authority, including Matzner, supports coverage.

55.     After Jake's provided Travelers with the Matzner decision and legal analysis demonstrating that CO contamination constitutes direct physical loss and that the pollution exclusion should not be applied to bar coverage in this context, Travelers persisted in its denial

9

without meaningful attempt to reconcile its coverage position with that authority or to reconsider its denial.

56.    Travelers' conduct unfairly frustrated Jake's reasonable expectation that its restaurant policy would cover losses from an unintended CO condition arising from a blocked chimney and resulting contamination and shutdown, thereby depriving Jake's of the fruits of the insurance contract.

57.    As a direct and proximate result of Travelers' breach of the implied covenant, Jake's has suffered the damages described above, including unpaid policy benefits and consequential damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff Jake's Falafel & More, Inc. requests judgment in its favor on Count II, awarding compensatory damages, prejudgment interest, costs, and such other relief as the Court deems just and proper.

## COUNT III – UNFAIR AND DECEPTIVE ACTS OR PRACTICES
### (G.L. c. 93A and c. 176D)

58.    Plaintiff repeats and realleges the allegations above as if fully set forth herein.

59.    Travelers is engaged in trade or commerce within the meaning of G.L. c. 93A, § 1(b), and is subject to the unfair claim settlement practice provisions of G.L. c. 176D, § 3(9).

60.    Jake's is an entity engaged in trade or commerce who purchased the Policy primarily for business purposes, and its claims under G.L. c. 93A arise from Travelers' acts and practices in the conduct of trade or commerce.

61.    G.L. c. 176D, § 3(9) prohibits, among other things, misrepresenting pertinent facts or insurance policy provisions, failing to adopt and implement reasonable standards for prompt investigation of claims, refusing to pay claims without conducting a reasonable investigation, failing to affirm or deny coverage within a reasonable time, and failing to

10

effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

62.    Travelers violated G.L. c. 93A and c. 176D, including § 3(9), by:

a.    Misrepresenting or unreasonably interpreting the Policy's insuring agreement, business income coverage, and exclusions to deny coverage for a loss that falls within the scope of coverage, including mischaracterizing the Policy as "named perils" when it is written on a special-form/open-perils basis;

b.    Relying on an inappropriately narrow interpretation of "direct physical loss of or damage to" in disregard of on-point Massachusetts authority such as Matzner that was specifically brought to its attention;

c.    Asserting the pollution exclusion as a basis to deny coverage for indoor CO infiltration resulting from ordinary building equipment in a non-industrial restaurant setting, contrary to Massachusetts law and the insured's reasonable expectations; and

d.    Maintaining its denial and refusing to pay any part of a plainly documented inventory and business income loss even after receiving the 93A Demand Letter, supporting documentation, and controlling or persuasive authority demonstrating coverage.

63.    Travelers' conduct, viewed in its entirety, constitutes unfair and deceptive acts or practices under G.L. c. 93A, § 2 and § 11 (or § 9, as applicable), and unfair claim settlement practices under G.L. c. 176D, § 3(9).

64.    Travelers' refusal to reconsider its denial after receipt of the 93A Demand Letter, detailed factual and legal analysis, and the Matzner decision, and its continued adherence to

11

positions that disregard controlling or persuasive Massachusetts authority, are wilful and knowing violations of G.L. c. 93A and c. 176D.

65.     As a direct and proximate result of Travelers' unfair and deceptive acts and practices, Jake's has suffered actual damages including but not limited to unpaid benefits under the Policy, loss of use of insurance proceeds, business disruption, and consequential damages, all in an amount to be proven at trial.

66.     Because Travelers' unfair and deceptive acts and practices were wilful and knowing, and motivated by a desire to maximize Travelers' own profit margins at the expense of its insureds, Jake's is entitled to recover multiple damages of up to three times its actual damages, together with reasonable attorney's fees and costs, pursuant to G.L. c. 93A.

WHEREFORE, Plaintiff Jake's Falafel & More, Inc. requests judgment in its favor on Count III, awarding: (a) actual damages; (b) multiple damages under G.L. c. 93A; (c) reasonable attorney's fees and costs; (d) prejudgment interest; and (e) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

JAKE'S FALAFEL AND MORE, INC.
Plaintiff,

By its attorney,

/s/ Lee E. Rajsich

Lee E. Rajsich (BBO #676714)
COHAN PLAUT RAJSICH LLP
50 Milk Street, 16th Floor
Boston, MA 02109
Tel: (617) 947-7442
Email: lrajsich@crmllp.com

12

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      NEWTON DISTRICT COURT
                                                   C. A. NO. 2612-CV-000049

JAKE'S FALAFEL & MORE, INC.          )
        Plaintiff                    )
                                     )
VS.                                  )
                                     )
TRAVELERS CASUALTY                   )
INSURANCE COMPANY OF                 )
AMERICA,                             )
        Defendant                    )

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter my appearance as attorney for the defendant, Travelers

Casualty Insurance Company of America, in the above-entitled action.


                                        By defendant's attorney,


Dated:  4/17/2026                       /s/ Christopher M. Mountain
                                        Christopher M. Mountain
                                        SUSLAK & MOUNTAIN
                                        7 Essex Green Drive, Suite 3
                                        Peabody, MA  01960
                                        Email: cmm@suslakmountain.com
                                        (978) 538-0000
                                        BBO# 567595

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          NEWTON DISTRICT COURT
                                        C. A. NO. 2612-CV-000049

JAKE'S FALAFEL & MORE, INC.        )
            Plaintiff               )
                                    )
VS.                                 )
                                    )
TRAVELERS CASUALTY                  )
INSURANCE COMPANY OF                )
AMERICA,                            )
            Defendant               )

## CERTIFICATE OF SERVICE

I, Christopher M. Mountain, attorney for the defendant, hereby certify that I have on this date served a copy of the within:

1.      Notice of Appearance

By emailing to the following counsel of record: lrajsich@crmllp.com

Lee E. Rajsich, Esq.
COHAN PLAUT RAJSICH LLP
50 Milk Street, 16th Floor
Boston, MA  02109

                                        By defendant's attorney,

DATED:   4/17/2026                      /s/ Christopher M. Mountain
                                        Christopher M. Mountain
                                        SUSLAK & MOUNTAIN
                                        7 Essex Green Drive, Suite 3
                                        Peabody, MA  01960
                                        Email: cmm@suslakmountain.com
                                        (978) 538-0000
                                        BBO# 567595