UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAKE'S FALAFEL AND MORE, INC.,    )
                                  )
                Plaintiff         )
                                  )
        v.                        )        Civil Action No.: 1:26-cv-12076-BEM
                                  )
TRAVELERS CASUALTY INSURANCE      )
COMPANY OF AMERICA,               )
                                  )
                Defendant         )

**ANSWER AND JURY DEMAND OF THE DEFENDANT, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TO THE PLAINTIFF'S COMPLAINT**

Now comes the defendant, Travelers Casualty Insurance Company of America, ("defendant") in the above-entitled action and answers each and every allegation contained in the plaintiff's Complaint as follows:

## PARTIES

1.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

2.    Admitted.

## JURISDICTION AND VENUE

3.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

4.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

FACTUAL ALLEGATIONS

6.  The defendant admits that at all relevant times it issued a Businessowners insurance policy to Jake's Falafel & More, Inc. as the named insured but the defendant denies that the correct policy number is listed in this paragraph since the actual policy number was 680-4P270314-24-42.

7.  The defendant admits that the applicable Businessowners insurance policy was in effect from December 15, 2024 through December 15, 2025 and covered the plaintiff's restaurant operations at 740A Beacon Street, Newton, Massachusetts.

8.  The defendant admits the allegations contained in this paragraph but states that the applicable insurance policy speaks for itself and directs the plaintiff to the actual insurance policy concerning coverage, exclusions, limits, deductibles, etc.

9.  The defendant admits the allegations contained in this paragraph but states that the applicable insurance policy speaks for itself and directs the plaintiff to the actual insurance policy concerning coverage, exclusions, limits, deductibles, etc.

10. The defendant admits that the insurance policy's Businessowners Property Coverage Special Form (MP T1 02 02 05) insured against "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." The defendant further admits that the plaintiff's insurance policy contained the Restaurant and Perishable Goods Premier Endorsement (MP T3 66 11 23) but denies the remaining allegations contained in this paragraph.

11. The defendant admits that the applicable insurance policy includes "Covered Property" and covers the items listed in this paragraph but the defendant states that the applicable

2

insurance policy speaks for itself and directs the plaintiff to the actual insurance policy concerning coverage, exclusions, limits, deductibles, etc.

12.    The defendant admits that the Restaurant and Perishable Goods Premier Endorsement (MP T3 66 11 23) provides additional coverage as set forth in that endorsement, which includes the items listed in this paragraph, but the defendant states that the applicable insurance policy speaks for itself and directs the plaintiff to the actual insurance policy concerning coverage, exclusions, limits, deductibles, etc.

<u>The Loss</u>

13.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

14.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

15.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

16.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

17.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

18.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

19.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

20. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

21. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

22. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

23. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

### The Claim and Travelers' Denial

24. The defendant admits that the plaintiff reported the loss to Travelers, which acknowledged the claim and assigned Claim Number F0Q1248, but the defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

25. Admitted.

26. The defendant admits the allegations contained in this paragraph but the defendant denies that it retained ISE Engineering on January 22, 2025.

27. Admitted.

28. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

29. The defendant admits the allegations contained in this paragraph but directs the plaintiff to the entire March 3, 2025 letter.

30. Admitted.

31.    The defendant admits the allegations contained in this paragraph but directs the plaintiff to its entire Chapter 93A response.

32.    The defendant admits the allegations contained in this paragraph but directs the plaintiff to its entire Chapter 93A response.

33.    Admitted.

<u>Jake's 93A/176D Demand and Travelers' Response</u>

33.    The defendant admits that it received a letter from plaintiff's counsel dated February 10, 2026 but the defendant denies that the letter was an adequate or legally proper demand under M.G.L. c. 93A.

34.    The defendant admits that the February 10, 2026 letter from plaintiff's counsel summarized the plaintiff's facts of the loss, described the plaintiff's alleged inventory and business income losses, and enclosed documents.

35.    The defendant admits that the February 10, 2026 letter from plaintiff's counsel cited Massachusetts case law but the defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

36.    The defendant admits that the February 10, 2026 letter from plaintiff's counsel cited and enclosed the <u>Matzner</u> decision but the defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

37.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

38.    The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

39.    Admitted.

40. The defendant admits the allegations contained in this paragraph but directs the plaintiff to its March 6, 2026 letter for a full recitation of the defendant's position.

41. The defendant admits that it maintained its denial in its March 6, 2026 letter and that its letter did not mention the Matzner decision but the defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph.

42. Admitted.

Count I – Breach of Contract

43. The defendant hereby repeats and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 42 of the plaintiff's Complaint.

44. The defendant admits the allegations contained in this paragraph but states that the applicable insurance policy speaks for itself and directs the plaintiff to the actual insurance policy concerning coverage, exclusions, limits, deductibles, etc.

45. Denied.

46. Denied.

47. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

48. The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

49. Denied.

50. Denied.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that it be awarded its costs and expenses.

Count II – Breach of the Implied Covenant of Good Faith and Fair Dealing

51.     The defendant hereby repeats and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 50 of the plaintiff's Complaint.

52.     The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

53.     The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that it be awarded its costs and expenses.

Count III – Unfair and Deceptive Acts or Practices

58.     The defendant hereby repeats and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 57 of the plaintiff's Complaint.

59.     Admitted.

60.     The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

61.     The defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

62.     a-d) Denied.

63.     Denied.

64.    Denied.

65.    Denied.

66.    Denied.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that it be awarded its costs and expenses.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff has failed to mitigate its damages.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff has waived any rights it may have had against the defendant based on the plaintiff's conduct, actions, and statements.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's alleged damages are the result of an independent superseding act by a different party.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's alleged damages were caused by a party whose conduct the defendant is not responsible for.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant denies it is liable or indebted to the plaintiff in any way or manner.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted.

SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted because there was no direct physical loss of or damage to the covered property caused by, or resulting from, any covered cause of loss.

EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's alleged damages may be barred based on laches, waiver, estoppel, and/or unclean hands.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant denies that it breached its insurance contract with the plaintiff.

TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that there is no coverage for the plaintiff's alleged damages as set forth in the applicable insurance policy.

ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that there is no coverage for the plaintiff's alleged damages due to exclusions set forth in the applicable insurance policy.

TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's complaint fails to state a claim for which relief may be granted because the date of filing of the plaintiff's complaint was outside the lawsuit limitations period set forth in the applicable insurance policy.

THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's complaint fails to state a claim for which relief may be granted because the plaintiff has prejudiced the defendant's subrogation rights.

FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant denies that the plaintiff's alleged Chapter 93A demand letter was a proper or legally enforceable document.

FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted due to accord and satisfaction in light of the plaintiff's settlement with the negligent contractor.

SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant specifically denies that its actions and claims handling were in violation of M.G.L. c. 93A or c. 176D.

SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted because the alleged carbon monoxide infiltration did not cause tangible, physical alteration or harm to the property itself.

EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted because the plaintiff's alleged damages were not caused by a covered cause of loss.

NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted because the plaintiff prejudiced the defendant's investigation of this claim by providing late notice and/or failing to notify the defendant of its complaint against its landlord for the same alleged damages.

TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the defendant denies that it breach the implied covenant of good faith and fair dealing.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

By defendant's attorney,

Dated:   5/29/26                            /s/ Christopher M. Mountain
                                           Christopher M. Mountain
                                           SUSLAK & MOUNTAIN
                                           7 Essex Green Drive, Suite 3
                                           Peabody, MA  01960
                                           Email: cmm@suslakmountain.com
                                           (978) 538-0000
                                           BBO# 567595

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 29, 2026, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, including to counsel for the plaintiff at the following address:

Lee E. Rajsich, Esq.
COHAN PLAUT RAJSICH LLP
50 Milk Street, 16th Floor
Boston, MA  02109

                                           /s/ Christopher M. Mountain
                                           Christopher M. Mountain

11