UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAKE'S FALAFEL & MORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Civil Action No.: 1:26-cv-12076-BEM |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)

Plaintiff Jake's Falafel & More, Inc. ("Jake's" or "Plaintiff"), and Defendant Travelers Casualty Insurance Company of America ("Travelers" or "Defendant"), hereby submit this joint statement pursuant to Local Rule 16.1(d) and the Court's Notice of Scheduling Conference [ECF No. 11].

Plaintiff's Concise Summary of Position on Liability and Relief Sought

Plaintiff seeks payment of insurance benefits—which have been denied by Travelers—arising from a carbon monoxide incident that occurred at Jake's restaurant in Newton, resulting in loss of inventory of $13,938.10 and lost net income of $30,871.00 from business interruption. The carbon monoxide leak was due to faulty ventilation of a hot water heater and was later fixed. The losses are recoverable under Plaintiff's policy because the carbon monoxide contamination constituted "direct physical loss of or damage to" property within the meaning of the policy and consistent with case law, such as Matzer v. Seaco Ins. Co., 1998 Mass. Super. LEXIS 407 (Aug. 26, 1998). Plaintiff also claims that Travelers' denial of benefits violates M.G.L. c. 93A and 176D.

<u>Defendnat's Concise Summary of Position on Liability and Relief Sought</u>

Defendant denies that Jake's is legally entitled to insurance benefits from its insurance policy with Travelers because the alleged carbon monoxide event did not cause "direct physical loss of or damage to the covered property caused by, or resulting from, any covered cause of loss."  See <u>Kamakura, LLC v. Greater New York Mut. Ins. Co.</u>, 525 F.Supp.3d 273, 283 fn. 8 (2021).  Travelers also asserts that the pollution exclusion in the insurance policy applies to the facts of this case.  Defendant further claims that the 2-year suit limitations set forth in the insurance policy may apply to this case once discovery has been completed.  Travelers further asserts that Plaintiff has already collected settlement monies from a different party, which Jake's completely released, arising out of a separate lawsuit involving the same or similar claims, which has potentially jeopardized Defendant's subrogation rights in this case.  Travelers denies that its denial of insurance benefits and claims handling in this matter is a violation of M.G.L. c. 93A and 176D.

<u>Local Rule 16.1(d) Joint Statement Requirements</u>:

**1.    Joint Discovery Plan**

The parties propose the following joint discovery plan:

Fact discovery completed by:                    December 31, 2026

Plaintiff's expert disclosures served by:       January 31, 2027

Defendant's expert disclosures served by:       February 28, 2027

**2.    Proposed Schedule for the Filing of Motions**

The parties propose the following schedule for the filing of motions:

Rule 56 motions served by:                      March 31, 2027

Rule 56 motions filed by:                       May 31, 2027

2

**3.**     **L.R. 16.1(d)(3) Certifications**

The parties respective certifications pursuant to L.R. 16.1(d)(3) are to be filed herewith.

Respectfully submitted,

| | |
|---|---|
| JAKE'S FALAFEL AND MORE, INC.<br>Plaintiff, | TRAVELERS CASUALTY INSURANCE<br>COMPANY OF AMERICA,<br>Defendant, |
| By its attorney, | By its attorney, |
| */s/ Lee E. Rajsich*<br>Lee E. Rajsich (BBO #676714)<br>COHAN PLAUT RAJSICH LLP<br>50 Milk Street, 16th Floor<br>Boston, MA 02109<br>Tel: (617) 947-7442<br>Email: lrajsich@crmllp.com | */s/ Christopher M. Mountain*<br>Christopher M. Mountain<br>SUSLAK & MOUNTAIN<br>7 Essex Green Drive, Suite 3<br>Peabody, MA 01960<br>Email: cmm@suslakmountain.com<br>(978) 538-0000<br>BBO# 567595 |

## CERTIFICATE OF SERVICE

I hereby certify that, on July 13, 2026, this document filed through the ECF system will

be sent electronically to the registered participants as indentfifield

*/s/ Lee E. Rajsich*

3